IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BEVERLY J. FALKNER, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) )   No. 13-2321-JDT-cgc ) ) |
| UNITED STATES GOVERNMENT, | ) ) |
| Defendant. | ) |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Beverly J. Falkner, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on May 20, 2013, and a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) The Court subsequently granted leave to proceed *in forma pauperis*. (D.E. 3.) In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate. On June 13, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 4.) Objections to that report and recommendation were due within 14 days. See Fed. R. Civ. P. 72(b)(2). However, Plaintiff has filed no objections. Plaintiff did, however, file

an affidavit in support of a motion for appointment of counsel on June 21, 2013. (D.E. 5.) That motion is DENIED.[1]

> Plaintiff's complaint for "Tampering With Court Documents" alleges:
>
> 1. May 18, 2013, Plaintiff received an envelope in the mail containing Order and Recommendaion for Case Number 13-2299-JDT. Copy of envelope and cover page of document attached. Also, in same envelope were Order and Recommendation for seven other complaints, totaling sixteen documents. . . . Order and Recommendation clearly indicate a continued attempt to dictate the actions of the U.S. District Court, Western District of Tennessee, as well as insult the intelligence of a Pro Se Litigant, creating felonies.
>
> Plaintiff prays for payment of compensatory damages for the maximum amount allowed.

(D.E. 1.)[2] The Magistrate Judge has recommended that the complaint be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted. The Court has reviewed the complaint and the law and agrees with the Magistrate Judge's recommendation. Therefore, this case is hereby DISMISSED for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also

---

[1] A document filed by Plaintiff on June 25, 2013, is titled "Voiding of File Date." (D.E. 6.) It bears the number and caption of an earlier case filed by Plaintiff, #11-3015-JTF-cgc, and was inadvertently docketed in this case.

[2] Where the Court has inserted an ellipsis, Plaintiff wrote but then crossed out: "May 17, 2013, a review of Docket and History in the Federal Clerks office, 167 N. Main St., Room 242, showed the Order is filed and entered on the Docket and the Recommendation is filed and entered on the History." Id.

proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

       s/ **James D. Todd**
       JAMES D. TODD
       UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.